## COOLEY *v*. THE STATE.

### (*Knoxville.* October 28, 1889.)

1. ASSAULT. *Actual and personal.*

The assault is not *constructive* merely, but *actual* and *personal*, where one, intending violence to another sheltered within a house, casts upon the roof of the house lighted dynamite cartridges, known to possess sufficient explosive force to crush the house and kill the inmates, but failing of that result only by reason of the fortunate accident that they rolled from the roof before explosion.

Case cited and approved: Cowley.*v*. State, 10 Lea, 285.

Cited and distinguished: Evans *v*. State, 1 Hum., 394; State *v*. Freels, 3 Hum., 228.

2. SAME. *Sufficient in cases of felonious assaults.*

Such assault constitutes the felony defined by Code, § 5375 (M. & V.) and § 4626 (T. & S.), if made feloniously, with malice aforethought, and with intent to commit murder in first degree.

---

### FROM ROANE.

---

Appeal in error from Circuit Court of Roane County. S. A. ROGERS, J.

NELSON & BURKE for Cooley.

Attorney-general PICKLE for State.

CALDWELL, J.   Talbert Cooley and James Cooley
were jointly indicted, in the Circuit Court of
Roane County, for a willful, felonious, unlawful,
deliberate, premeditated, and malicious· assault, *with
dynamite*, upon the body of Mack Brown, with
intent, then and there, unlawfully, feloniously, will-
fully, deliberately, premeditatedly, and of malice
aforethought the said Mack Brown to kill, and
upon him commit the crime and felony of murder
in the first degree.

James fled the county.   Talbert was tried and
convicted of an assault with intent to commit
murder in the first degree as charged, and his
punishment was fixed at five years in the peni-
tentiary.

He has appealed in error, and for him it is
here insisted that the State has not made out her
case.

The indictment is based upon Section. 52, Ch.
23, Acts of 1829, which is as follows:

" Whoever shall feloniously, and with malice
aforethought, assault any person, with intent to
commit murder in the first degree, *    *    *
though death shall not ensue, shall, on conviction,
be imprisoned in the penitentiary not less than
three nor more than twenty-one years."   Code,
(M. & V.) § 5375;  (T. & S.) § 4626.

To authorize a conviction under this Act, it
has been held that the assault must be *actual and
personal*, as contradistinguished from a *constructive
assault*, and that besetting the house of another

does not constitute the required assault. *Evans*
v. *The State*, 1 Hum., 394; *The State* v. *Freels*, 3
Hum., 228.

The trial Judge, following these cases, instructed
the jury that to warrant a conviction in this case
it must appear from the proof that the defendant
"made an *actual assault* upon the said Mack
Brown," etc.

The contention in behalf of the plaintiff in error
is that, under this construction of the statute, and
in view of these decisions and the instruction of
the Court, the State has failed to establish his
guilt. In other words, it is argued that the proof
does not show an *actual assault*, and that, there-
fore, the verdict is not sustained by the evidence.

The clear, positive, and uncontroverted testimony,
briefly and in substance, is that Mack Brown, the
person upon whom the assault is charged to have
been made, was at the house of his tenant, Mrs.
Brimer, near a mining town in Roane County, on
the night of January 12, 1889, when, at the hour
of eight or nine o'clock, Talbert Cooley (the de-
fendant), James Cooley, and three unknown men
went to that house and called for said Mack
Brown, and invited him out of the house for "a
settlement," James Cooley saying, with an oath,
"Mack, you shot seven shots at me, and I want
to shoot seven at you, and hit you too;" that,
upon Brown's refusal to accept this invitation,
Talbert Cooley pressed the matter further by say-
ing, "Mack Brown, you know us, and if you

don't open that door and come out we will blow up the d—d house with dynamite;" that James Cooley added, "If you don't open the door, I will blow the house down with dynamite, and kill the last d—d one of you;" that, on Brown's further declination, the five men withdrew, and after an absence of twenty or twenty-five minutes, returned, one of them immediately to the house and the others "behind the crib," so near by that they were heard talking by persons in the house; that the one nearest to the house threw five dynamite cartridges around and upon the roof of the house, four of them exploding with great force and violence, "tearing up" and making "great holes in the ground," the shock shaking "the daubing out of the house" and severely "jarring" Mack Brown and Mrs. Brimer, the latter "until she was apparently dead for awhile;" that if the cartridges had exploded while upon the house, they "would have crushed it into atoms and killed" all the inmates.

This proof is plenary, if it be possible to make it so without showing actual contact of the instrument used with the person of the prosecutor, and that cannot be required. It clearly and distinctly makes out the offense charged, in any and every view of the statute.

There was not a mere besetting of the house, which is called a constructive assault in the cases referred to; that was the smallest part of the wrong done. In addition to besetting the house,

there was a deliberate, premeditated, felonious, and bold attempt to accomplish what was threatened, the utter destruction of the house and its inmates; and that effort was so well put forth that its object was defeated and the lives saved alone by the unexpected, though fortunate, circumstance that the cartridges rolled from the roof of the house before explosion.

The assault was not intended, and did not operate, as a simple restraint, interference, or threat; nor as a mere means of exciting fear without endangering the person. It was, to all intents and purposes, actual and personal, bringing Brown's corporal safety into great jeopardy, and, in fact, resulting in slight personal injury, in that he was by the explosion "jarred considerably." His life was imperiled; actual wrong and violence were inflicted upon his person.

The present case is stronger in its facts than that of *Cowley* v. *The State*, in which this Court held that "when a person shoots a ball through the door of a dwelling-house, intending to assault a particular individual as the supposed occupant, he commits an assault upon the actual occupant," though a different person. 10 Lea, 285.

The charge of the Court is correct and the evidence ample on the subject of conspiracy, or concert of purpose and action, among the several persons present (the defendant and his companions in the crime), and it is immaterial which one of them performed the physical act of throwing the dynamite.

Let the judgment be affirmed.