PRICE *v.* STATE.

(*Nashville,* December Term, 1934.)

Opinion filed February 25, 1935.

JOHN H. EARLY and W. L. TILLETT, both of Chattanooga, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The plaintiff in error has been convicted of assault with intent to commit murder in the second degree and has brought his case to this court.

The prosecutrix, Helen Darius, and her husband operated a restaurant in Chattanooga. She testified that Price, the plaintiff in error, entered the restaurant at night in a drunken condition, engaged in conversation with her, made an indecent proposal to her, and threatened to shoot her if she did not comply. She quoted him as saying that he had money to pay her if that was what she wanted, testified that he drew a large roll of money from his pocket, and that he drew his pistol.

Audry Mills, an employee of the restaurant, testified generally to the same effect as did the prosecutrix.

From the testimony of these women, it appears that Price made the threat above stated and drew his pistol from his pocket. Both of them, however, said that Price did not keep the pistol in his hand more than a second or two, but at the instance of a man near him Price put the pistol back in his overcoat pocket. Neither of the women said that Price made any attempt to shoot, nor did they claim that he pointed the pistol at the prosecutrix or in her direction. There was nothing to keep him from shooting if he had so intended or desired, and the women say that the Darius woman declined his proposition.

Price and a man named Lynch contradicted the women as to Price's having made any indecent proposal whatever to the Darius woman. Price admitted that he was drunk, but said he knew what he was doing. Both these men said that Price did pull his money out of his pocket and that the Darius woman told him he had better keep his money hidden or he would get robbed. The men

say that Price then drew his pistol, and told the Darius woman that he had the means of protecting himself and his money.

There is no testimony that Price laid his hand on the prosecutrix, or, as said above, that he pointed his pistol at her or in her direction.

Under these circumstances, we do not think the case of assault to commit murder is made out even by the state's proof.

It was held in *Evans* v. *State,* 20 Tenn. (1 Humph.), 394, that a defendant, who beset the house of a man against whom he had a grudge, and drew his pistol but did not attempt to use it, was not guilty of an assault with intent to commit murder. This was approved in *State* v. *Freels,* 22 Tenn. (3 Humph.), 228, and in *Cooley* v. *State,* 88 Tenn., 250, 14 S. W. 556. In the last-named case the defendant, held guilty of the charge, threw a lighted dynamite cartridge on a dwelling house with intent to injure the inmates, but the cartridge rolled off before it exploded. In *Cowley* v. *State,* 78 Tenn. (10 Lea), 282, the defendant shot a ball from a loaded pistol through the door of a dwelling house, intending to injure the supposed occupant.

A good statement of the result of the decisions generally is contained in 30 Corpus Juris, 16, as follows:

"In addition to the requisite intent, in order to constitute an assault with intent to murder, there must be an attempt or assault to carry out that intention. In other words there must be an overt act, in pursuance of that intent, as distinguished from the mere intent itself, and also from mere threats, or mere preparations not going far enough to constitute an attempt. There must be the commencement of an act, which if not prevented would produce a battery. On the other hand there may

be an assault where a dangerous weapon is presented in a threatening manner, accompanied by a conditional threat, unless in a case where the threat is conditional upon a demand which the accused had a right to make."

The authorities on the subject are very fully reviewed in *People* v. *Connors,* 253 Ill., 266, 97 N. E., 643, 39 L. R. A. (N. S.), 143, Ann. Cas., 1913A, 196. Following this case, in the annotated reports cited, all the decisions are collected. In all the cases where a threat accompanied by the drawing of a gun or pistol has been held to constitute an assault with intent to commit murder, the weapon has been pointed at or toward the person threatened. The only divergence we have noted in the authorities is that some of them hold that the pointing of a weapon accompanied by a conditional threat constitutes such an assault, even where the threat is conditioned upon a demand which the defendant had a right to make.

The law being as set out, we think the evidence in this case does not sustain the conviction of the defendant. Proof introduced on motion for a new trial tends to show that both the Darius woman and the Mills woman were profligate characters and not worthy of credit. The trial judge declined a new trial, properly, no doubt, because all the new evidence was available to defendant on the regular hearing and no diligence seemed to have been used by him to get this proof until the judgment of conviction was had.

Reversed.